IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MALDONADO, JR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 18-cv-03934 |
| v. | ) | |
| | ) | |
| MERCHANTS CREDIT GUIDE COMPANY, | ) | |
| | ) | |
| | ) | Jury Demanded |
| DEFENDANT. | ) | |

# COMPLAINT

Plaintiff, Robert Maldonado Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant's sharing of false information regarding an alleged debt with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018).

1

## PARTIES

5. Plaintiff, Robert Maldonado Jr.("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Midwest Imaging Professionals Medical account, account beginning with 816064, alleged balance of $123. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Merchants Credit Guide Company ("MCG") is an Illinois corporation that regularly conducts business in Illinois. Its registered agent in National Registered Agents, Inc., which can be served at 208 So LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from the Illinois Secretary of State).

7. MCG is engaged in the business of a collection agency, regularly using the mails and telephone to collect consumer debts originally owed, due, or asserted to be owed or due another.

8. MCG is a debt collector as that term is defined at § 1692a(6) of the FDCPA.

9. MCG is a licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Midwest Imaging Professionals Medical account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

12. MCG was subsequently hired or otherwise retained to assist with collecting the alleged debt.

13. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on August 18, 2017, sent a letter to MCG indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

14. MCG received Plaintiff's dispute on August 18, 2017.

15. Plaintiff's letter stated, in part, that the amount reported is not accurate.

16. A statement that the amount reported is not accurate evinces the intention to dispute the validity of at least a portion of the purported debt. "There is simply no other way to interpret this language". *Evans*, 889 F.3d at 346 (7th Cir. 2018) (analyzing substantially similar language of a dispute).

17. Plaintiff subsequently retrieved his credit reports to ensure that the dispute was properly updated.

18. On April 20, 2018, MCG communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, TransUnion).

19. MCG failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

20. MCG had been notified at least eight (8) months prior of Plaintiff's dispute.

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

22. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. MCG materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. Plaintiff experienced negative emotions about Defendant's failure to report his debt as disputed to TransUnion, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges above paragraphs as set forth fully in this count.

4

29. MCG failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com